| | |
|---|---|
| CLEAR CREEK COUNTY DISTRICT COURT, STATE OF COLORADO<br><br>Court Address:  405 Argentine<br>P.O. Box 367<br>Georgetown, CO 80444<br><br>Phone Number: (303) 569-0820 | DATE FILED: September 30, 2020 6:22 PM<br>FILING ID: 5831DEA0BE623<br>CASE NUMBER: 2020CV30023 |
| Plaintiff: **JOHN LE**<br><br>v.<br><br>Defendants: **MC CARRIER LLC** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>Clayton R. Skeen, Esq. #48695<br>BACHUS & SCHANKER, L.L.C.<br>101 W. Colfax Ave., Suite 650<br>Denver, Colorado 80202<br>Telephone: (303) 893-9800<br>Facsimile: (303) 893-9900 | Case Number:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** ||

Plaintiff John Le, by and through his attorneys, BACHUS & SCHANKER, L.L.C., hereby submits the following Civil Complaint and Jury Demand:

## GENERAL ALLEGATIONS

1.  On or about January 6, 2020, a motor vehicle collision occurred in Clear Creek County, Colorado, on eastbound Interstate Highway 70, at or about Mile Marker 219.

2.  Plaintiff is a resident of Douglas County, State of Colorado, and maintains a residential address of 5773 East Glenstone Dr., Highlands Ranch, CO 80130.

3.  Upon information and belief, Defendant MC Carrier LLC (hereinafter "Defendant MC Carrier") is a Nevada company doing business in Colorado, and maintains a principal office address of 4725 S. Valley View Blvd., Las Vegas, NV 89103.

4.  Upon information and belief, Defendant MC Carrier's Registered Agent is Cristian Margineanu, with a street address of 7574 Mermaid Song Ct., Las Vegas, NV 89139.

5.      Venue is proper in the District Court of Clear Creek County, Colorado, pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates all foregoing allegations.

7.      On or about January 6, 2020, Plaintiff was the owner and operator of a 2002 Toyota Camry.

8.      On or about January 6, 2020, an unknown driver (hereinafter "Unknown Driver") was the operator of a semi-truck.

9.      Upon information and belief, the semi-truck being driven by Unknown Driver was owned and operated by Defendant MC Carrier.

10.     Upon information and belief, the semi-truck being driven by Unknown Driver had USDOT# 2400167.

11.     Upon information and belief, the semi-truck being driven by Unknown Driver had VIN# 8LSLX2934.

12.     Upon information and belief, the semi-truck being driven by Unknown Driver had MC# 825444.

13.     On or about January 6, 2020, Plaintiff and Unknown Driver were involved in a motor vehicle collision in Clear Creek County, Colorado, on eastbound Interstate Highway 70, at or about Mile Marker 219 (hereinafter "the Incident").

14.     Unknown Driver struck the rear of Plaintiff's vehicle, causing Plaintiff's vehicle to spin counterclockwise.

15.     The front end of Plaintiff's vehicle then struck the guard rail.

16.     Unknown Driver then struck Plaintiff's car again, directly on the driver's side, causing Plaintiff's window to shatter.

17.     Unknown Driver failed to keep a proper lookout, and caused the Incident.

18.     Unknown Driver was following too closely, and caused the Incident.

19.     Unknown Driver keep a safe following distance, and caused the Incident.

20.     Unknown Driver was driving while distracted, and caused the Incident.

21.     Unknown Driver failed to yield the right of way, and caused the Incident.

22.   Unknown Driver failed to travel at a safe speed for the conditions, and caused the Incident.

23.   Unknown Driver drove in a negligent, careless, and imprudent manner, failing to take into account the safety of others.

24.   Unknown Driver is fully at fault for causing the Incident.

25.   Plaintiff did not cause the Incident.

26.   Plaintiff was not comparatively negligent in causing the Incident.

27.   As a direct and proximate result of the Incident, Plaintiff has suffered injuries and damages.

28.   Upon information and belief, at the time of the Incident, Unknown Driver was an employee of Defendant MC Carrier.

29.   Upon information and belief, at the time of the Incident, Unknown Driver was acting in the course and scope of his employment with Defendant MC Carrier.

30.   Unknown Driver's negligent actions were a direct and proximate cause of the Incident, and a direct and proximate cause of Plaintiff's injuries and damages.

31.   As a direct and proximate result of Unknown Driver's negligence, Plaintiff has incurred past and future economic expenses, losses, and damages, including, but not limited to past and future medical expenses, wage loss, property damage, mileage, loss of time, and other economic damages related to injuries sustained in the Incident.

32.   As a direct and proximate result of Unknown Driver's negligence, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

33.   As a direct and proximate result of Unknown Driver's negligence, Plaintiff has suffered physical impairment and disfigurement.

34.   At all relevant times to this action, the acts and/or omissions of Unknown Driver, including but not limited to the acts and/or omissions detailed in this Complaint, are by law deemed the acts and/or omissions of Defendant MC Carrier.

### FIRST CLAIM FOR RELIEF
*Vicarious Liability Pursuant to the Doctrine of Respondeat Superior*
*Against Defendant MC Carrier*

35.   Plaintiff incorporates all foregoing allegations.

3

36. Unknown Driver owed Plaintiff a duty to use reasonable care in the operation of the vehicle he was driving.

37. Unknown Driver breached the above referenced duty by operating his vehicle in a careless and negligent manner without regard to all attendant circumstances.

38. Unknown Driver breached the above referenced duty, without limitation, in the following ways:
   a. Operating a vehicle in a careless manner;
   b. Operating a vehicle in a negligent manner;
   c. Driving while distracted;
   d. Failing to yield the right of way;
   e. Failing to keep a safe following distance;
   f. Failing to drive at a safe speed for the conditions;
   g. Failing to keep a proper lookout;
   h. Following too closely; and
   i. Causing the Incident.

39. The above listed breaches of duty by Unknown Driver are a direct and proximate cause of the injuries sustained by Plaintiff.

40. When Unknown Driver operated his vehicle in a careless and negligent manner, Unknown Driver was in violation of applicable municipal ordinances and statutes of Colorado including, but not limited to: C.R.S. § 42-4-1402: Careless Driving.

41. Plaintiff is a member of the class for whose protection the above-mentioned statutes were enacted.

42. The Incident and the injuries and/or damages that Plaintiff suffered as a result of the Incident are the kind of injuries and/or damages sought to be prevented by the passage of the above-mentioned statutes.

43. The above-mentioned statutory violations by Unknown Driver were the direct and proximate cause of each of Plaintiff's injuries and damages as previously described.

44. Upon information and belief, Unknown Driver was conducting business and/or acting in the scope of his employment with Defendant MC Carrier at the time of the Incident.

45. At all relevant times to this action, the acts and/or omissions of Unknown Driver, including but not limited to the acts and/or omissions detailed in this Complaint, are by law deemed the acts and/or omissions of Defendant MC Carrier.

46. As a direct and proximate result of Unknown Driver's actions as outlined in this Complaint, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, wage loss, property damage, mileage,

loss of time, and other economic damages related to injuries sustained in the Incident as described above.

47.     As a direct and proximate result of Unknown Driver's actions as outlined in this Complaint, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress and impairment of quality of life.

48.     As a direct and proximate result of Unknown Driver's actions as outlined in this Complaint, Plaintiff has suffered physical impairment and disfigurement.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, in an amount to be determined by the trier of fact for his losses as set forth above, special damages, and for costs, expert witness fees, attorneys' fees, filing fees, pre-judgment and post-judgment interest, and such other further relief as the Court may deem appropriate, just, and proper.

## JURY REQUEST

Trial to a jury of six (6) is requested on all issues so triable.

Respectfully submitted this 30th day of September, 2020.

BACHUS & SCHANKER, L.L.C.

*s/ Clayton R. Skeen*
Clayton R. Skeen, Esq. #48695
101 W. Colfax Ave., Suite 650
Denver, Colorado  80202
Telephone: (303) 893-9800
*Attorneys for Plaintiff*

Plaintiff's Address:
5773 East Glenstone Dr.
Highlands Ranch, CO 80130